| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | **IN THE UNITED STATES DISTRICT COURT** | |
| 5 | **FOR THE EASTERN DISTRICT OF CALIFORNIA** | |

UNITED STATES, for the use and , benefit of AMERICAN SPECIALTY INSULATION, INC.

    Plaintiff,

vs.

FIRST NATIONAL INSURANCE COMPANY OF AMERICA., et al,

    Defendant.

_____/

CASE NO. CV F 07-1853 SMS

**SCHEDULING CONFERENCE ORDER**

| | |
|---|---|
| Expert Disclosure: | July 2, 2008 |
| Supplemental Expert Disclosure: | July 9, 2008 |
| Nonexpert Discovery Cutoff: | August 11, 2008 |
| Expert Discovery Cutoff: | September 2, 2008 |
| Pretrial Motion Filing Deadline: | September 12, 2008 |
| Pretrial Motion Hearing Deadline: | October 14, 2008 |
| Settlement Conf.: | Date: June 9, 2008<br>Time: 10:30 a.m.<br>Dept.: 10 (GSA) |
| Pretrial Conf.: | Date: Nov. 5, 2008<br>Time: 8:30 p.m.<br>Dept.: 7(SMS) |
| Court Trial:<br>(1-2 days est.) | Date: Dec. 8, 2008<br>Time: 9:00 a.m.<br>Dept.: 7 (SMS) |

This Court conducted an April 1, 2008 scheduling conference. Plaintiff United States for the use and benefit of American Specialty Insulation, Inc. appeared by telephone by counsel Max Koenig. Defendant First National Insurance Company appeared by counsel William Braun. Pursuant to F.R.Civ.P. 16(b), this Court sets a schedule for this action.

1

1. **Amendment To The Parties' Pleadings**

   The parties propose no amendments to their respective pleadings.

2. **Consent To Magistrate Judge**

   All parties consent to the conduct of further proceedings, including trial, by United States Magistrate Judge Sandra M. Snyder. This case has been reassigned.

3. **Expert Witnesses**

   Initial expert witness disclosures by any party shall be served no later than **July 2, 2008.** Supplemental expert witness disclosures by any party shall be served no later than **July 9, 2008.** Such disclosures must be made pursuant to F.R.Civ.P. 26(a)(2)(A) and (B) and shall include all information required thereunder. In addition, F.R.Civ.P. 26(b)(4) and F.R.Civ.P. 26(e) shall specifically apply to all discovery relating to expert witnesses and their opinions. Each expert witness must be prepared fully to be examined on all subjects and opinions included in the designations. Failure to comply with these requirements will result in the imposition of appropriate sanctions, which may include the preclusion of testimony or other evidence offered through the expert witness. In particular, this Court will enforce preclusion of testimony or other evidence for failure to strictly comply with F.R.Civ.P. 26(e).

5. **Discovery Cutoffs And Limits**

   All nonexpert discovery and related discovery motions (including motions to compel) shall be completed or heard no later than **August 11, 2008.** All expert discovery and related discovery motions (including motions to compel) shall be completed or heard no later than **September 2, 2008.**

6. **Pretrial Motion Schedule**

   All pretrial motions, both dispositive and nondispositive (except discovery motions addressed above), shall be served <u>and filed</u> no later than **September 12, 2008.** All pretrial dispositive and nondispositive motions (except discovery motions addressed above) shall be set before the appropriate judge for a hearing to be conducted no later than **October 14, 2008.**

   At the pretrial conference, the Court will set filing and hearing dates for motions in limine.

7. **Mandatory Settlement Conference**

   This Court sets a settlement conference for **June 9, 2008 at 10:30 a.m.** in Department 10 (GSA) before United States Magistrate Judge Gary S. Austin. Unless otherwise permitted in advance by the

1 Court, <u>the attorneys who will try the case</u> shall appear at the settlement conference <u>with the parties and the person or persons having full authority</u> to negotiate and settle the case, on any terms, at the conference.

**No later than five court days before the conference,** each party shall submit <u>directly to the settlement conference judge's chambers</u> a confidential settlement conference statement. This statement <u>should neither be filed with the clerk of the Court nor served on any other party</u>. Each statement shall be clearly marked "CONFIDENTIAL" with the date and time of the mandatory settlement conference indicated prominently. Counsel are urged to request the return of their statements. If such request is not made, the Court will dispose of the statement.

The confidential settlement conference statement shall include the following:

A. A brief statement of the facts of the case;

B. A brief statement of the claims and defenses (i.e., statutory or other grounds upon which the claims or defenses are based), a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses, and a description of the major issues in dispute;

C. A summary of the proceedings to date;

D. An estimate of the cost and time to be expended for further pretrial and trial matters, including discovery;

E. The relief sought; and

F. The party's position on settlement, **including the amount which or otherwise what the party will accept to settle, realistic settlement expectations**, present demands and offers, and a history of past settlement discussions, offers, and demands.

This Court will vacate the settlement conference if the Court finds the settlement conference will be neither productive nor meaningful to attempt to resolve all or part of this case. As far in advance of the settlement conference as possible, a party shall inform the Court and other parties that it believes the case is not in a settlement posture so that the Court may vacate or reset the settlement conference. Otherwise the parties shall proceed with the settlement conference in good faith to attempt to resolve all or part of the case.

**8. Pretrial Conference**

This Court sets a pretrial conference for **November 5, 2008 at 8:30 a.m.** in Department 7 (SMS) of this Court. The parties are directed to file a joint pretrial statement which complies with the requirements of this Court's Local Rule 16-281. In addition, the joint pretrial statement should include a brief factual summary and an agreed upon neutral statement of the case. An additional copy of the joint pretrial statement, carefully prepared and executed by all counsel, shall be electronically filed in CM/ECF and shall be e-mailed in WordPerfect format to smsorders@caed.uscourts.gov.

The parties' attention is directed to this Court's Local Rules 16-281 and 16-282. This Court will insist upon strict compliance with those rules.

At the pretrial conference, the Court will set deadlines, among others, to file motions in limine, final witness lists, exhibits, jury instructions, objections, and other trial documents.

**9.    Trial Date**

A 1-2 day court trial is set for **December 8, 2008 at 9:00 a.m.** in Department 7 (SMS) of this Court.

**10.    Effect Of This Order**

This order represents the best estimate of the Court and parties as to the agenda most suitable to dispose of this case. If the parties determine at any time that the schedule outlined in this order cannot be met, the parties are ordered to notify the Court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations with attached exhibits, where appropriate, which establish good cause for granting the relief requested.

Failure to comply with this order shall result in the imposition of sanctions.

**IT IS SO ORDERED.**

**Dated:    May 2, 2008**              /s/ Lawrence J. O'Neill
                                          **UNITED STATES DISTRICT JUDGE**